The State of Ohio, Appellee, *v.* Coterel, Appellant.

(No. 2256—Decided November 13, 1953.)

*Mr. Mathias H. Heck,* prosecuting attorney, and *Mr. Walter A. Porter,* for appellee.

*Messrs. Canny, Stewart & Cromer,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, Division of Domestic Relations, in an action in which the defendant was found guilty and sentenced for a violation of Section 1639-45, General Code.

The defendant contends that the statute under which the affidavit was filed is unconstitutional, and that the judgment is against the manifest weight of the evidence.

Since there is no bill of exceptions before us, we cannot weigh the evidence.

The charge is that the defendant "did act in a way

tending to cause the delinquency" of three minor children under the age of 18 years.

Section 1639-45, General Code, in part, provides:

"Whoever * * * acts in a way tending to cause delinquency in such child * * * shall be fined * * *."

Defendant contends that these words of the statute are vague and indefinite and do not describe the particular act which is made an offense, and, also, violate Section 26, Article II of the Ohio Constitution, which provides:

"All laws, of a general nature, shall have a uniform operation throughout the state * * *."

In support of this proposition counsel for defendant cite 8 Ohio Jurisprudence, 604, Section 467; and *Castle* v. *Mason*, 91 Ohio St., 296, 110 N. E., 463, Ann. Cas. 1917A, 164, which case holds:

"The constitutionality of a law may be determined by its operative effect, though on its face it may be apparently valid."

See, also, *Falk, Exp.*, 42 Ohio St., 638, which holds that the provisions of Section 26, Article II of the Constitution, are mandatory and not directory.

In support of the contention that the statute does not describe with reasonable certainty the act which is forbidden, counsel cite *State* v. *Bovee,* 6 N. P. (N. S.), 337, 17 O. D., 663, which holds that it is necessary that forbidden acts shall be described in the statute with reasonable certainty. See, also, 14 American Jurisprudence, 773, Section 19; *Pacific Coast Dairy* v. *Police Court of San Francisco,* 214 Cal., 668, 8 P. (2d), 140, 80 A. L. R., 1217; *United States* v. *L. Cohen Grocery Co.,* 255 U. S., 81, 65 L. Ed., 516, 41 S. Ct., 298, 14 A. L. R., 1045. The California case, when properly analyzed, supports the state's contention that the statute under which the defendant was convicted is not void for uncertai..ty.

The statute in question has uniform operation throughout the state, and does not violate Section 26, Article II of the Ohio Constitution, because of lack of uniformity. The fact that some courts in the state may give a statute a strict construction, and other courts give it a liberal construction, or may be harsh or lenient in its application, does not render the statute void for lack of uniformity.

Is it void for uncertainty? We do not think so. The language of the statute of necessity must be general in its terms. Many different acts of an individual may tend to cause delinquency in a child. In the instant case the act was specifically described in the affidavit as indecent exposure of the person. If the act was not specifically described in the affidavit the defendant would be entitled to a bill of particulars. Any act which tends to cause delinquency in a child is made an offense, and the statute is not void for uncertainty if it describes the offense with reasonable certainty. In *State* v. *Sinchuk,* 96 Conn., 605, 115 A., 33, 20 A. L. R., 1515, 1518, the court held that a statute penalizing disloyal, scurrilous, or abusive matter concerning the form of government of the United States, its military forces, flag, or uniform is not invalid because it fixes no ascertainable standard of guilt.

In *United States* v. *Ragen,* 314 U. S., 513, 86 L. Ed., 383, 62 S. Ct., 374, the court held:

''The mere fact that a penal statute is so framed as to require a jury upon occasion to determine a question of reasonableness does not make it too vague to afford a practical guide to permissible conduct.''

In *Winters* v. *New York,* 333 U. S., 507, 92 L. Ed., 840, 68 S. Ct., 665, the court, on page 515, said:

''Acts of gross and open indecency or obscenity, injurious to public morals, are indictable at common law, as violative of the public policy that requires from the

offender retribution for acts that flaunt accepted standards of conduct. 1 Bishop, Criminal Law (9th ed.), Section 500; Wharton, Criminal Law (12th ed.), Section 16. When a legislative body concludes that the mores of the community call for an extension of the impermissible limits, an enactment aimed at the evil is plainly within its power, if it does not transgress the boundaries fixed by the Constitution for freedom of expression.''

In *Jordan, Dist. Dir. of Immigration, v. De George,* 341 U. S., 223, 95 L. Ed., 886, 71 S. Ct., 703, it is held that the provision in the statute requiring the deportation of an alien who had committed ''a crime involving moral turpitude'' was not void for vagueness. On page 231 the court said:

''Impossible standards of specificity are not required. *United States* v. *Petrillo,* 332 U. S., 1 (1947). The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. *Connally* v. *General Construction Co.,* 269 U. S., 385 (1926).''

See, also, *State* v. *Hannawalt,* 26 Ohio Law Abs., 641, 643; and *State* v. *Van Horn,* 32 Ohio Law Abs., 406, 409.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.