THE STATE OF OHIO, APPELLEE, *v.* COX, APPELLANT.*

(No. 611—Decided April 2, 1963.)

*Motion to certify the record overruled (38156), May 29, 1963.

*Mr. Richard K. Wilson,* city solicitor, for appellee.
*Mr. R. E. Boller, Jr.,* for appellant.

CRAWFORD, J. Defendant, appellant herein, was found guilty and fined $25 and costs in the Municipal Court of Piqua for violation of Section 4513.22, Revised Code. He was charged with "operating" a 1955 Ford automobile "when it was not equipped with a muffler that was in good working con-condition." The judgment was affirmed on appeal by the Court of Common Pleas and is now before us.

It is contended that the decision finding defendant guilty is not sustained by sufficient evidence and is contrary to law.

The narrative bill of exceptions recites that on January 14, 1961, Ralph Byers, a member of the Ohio State Highway Patrol, apprehended defendant as the latter was driving a 1955 Ford north on old U. S. Rt. 25 in Brown Township, Miami County, Ohio; that when defendant increased his speed the Ford emitted a loud noise; that it was equipped with dual Hollywood style mufflers which were small and round, and the casings did not appear rusted; "that he was familiar with exhaust made by a 1955 Ford with mufflers in good working order but that the noise from this car was louder than other 1955 Fords within his experience," and that this was the case even when idling; that, although he observed no rust on the muffler, he did not examine it for holes or broken or defective parts; that the noise emitted was excessively loud but not as loud as that of a truck; and that defendant told him the muffler had been installed only two or three months before, and that it was louder than when first installed.

The defendant testified that not more than four or five months before his arrest he had purchased and installed two mufflers of the "Sportsman" brand; that they were properly installed; that he had made no adjustments; that the mufflers had no holes and were in good working order; that when he went to the rear of the car with the patrolman the exhaust seemed louder than when he was driving, but he did not say

the noise was excessive; that after his arrest he cut off approximately one foot of the flaring tailpipes and welded on straight pipes instead, and that this made the automobile operate more quietly; and that "the tailpipes [apparently before the arrest] amplified the sound like the bell of a horn and made quite a noise, but the mufflers themselves did not have holes and were in good working order."

Defendant's attorney testified that on the day of the trial, February 7, 1961, he rode in the automobile and it was very quiet.

In the briefs and in the opinions of the Municipal and Common Pleas Courts there is discussion as to the precision with which a statute must describe an offense. In *Smith* v. *Peterson*, 131 Cal. App. (2d), 241, 280 P. (2d), 522, 49 A. L. R. (2d), 1194, the court upheld as valid and constitutional a statute requiring motor vehicles to be equipped with mufflers adequate to prevent "any excessive or unusual noise." The court declared this provision not void for uncertainty.

In the case of *City of Dayton* v. *Zoller*, 96 Ohio App., 424, this court affirmed a conviction for use of a muffler which did not prevent "loud or explosive noises" from a motor vehicle, in violation of a municipal ordinance. The ordinance forbade "loud, unnecessary or unusual noise" and described as such "loud or explosive noises" emanating from a motor vehicle. The ordinance had been attacked for vagueness and uncertainty. The court held it to be valid.

Counsel for plaintiff had argued by analogy from cases upholding legislative enactments on other subjects which are likewise general. See, for example, *State* v. *Coterel*, 97 Ohio App., 48 (acts "tending to cause delinquency"); *State* v. *Titak*, 75 Ohio Law Abs., 430 (operating a motor vehicle while under the influence of intoxicating liquor).

Counsel for appellee, as well as the Municipal and Common Pleas Courts, reasoned that, inasmuch as a muffler is a device used to muffle or deaden the sound of the explosions in an internal combustion engine, the use of a muffler which does not, in the opinion of the arresting officer, prevent a loud noise, or one that is greater than the officer has observed in similar automobiles, is a violation of the statute.

The statute, Section 4513.22, Revised Code, does not mention the word "noise" and sets no standard to be met with respect to preventing noise. Hence, there is no question here of the language describing the offense being too vague or indefinite. There is no such language or standard whatever. Excessive smoke or gas is prohibited, but not excessive noise. The only provisions we find in the statute which could be said to relate to noise even indirectly are the mechanical requirements of a muffler and that it be in good working order and in constant operation. There is no specification of the design to be followed in the construction of an acceptable muffler except that "no person shall use a muffler cutout, by-pass, or similar device." Defendant is not charged with any act or omission in any of these respects. Here is the statute:

Section 4513.22, Revised Code. *Mufflers; excessive smoke or gas.* "Every motor vehicle with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation, and no person shall use a muffler cutout, by-pass, or similar device upon a motor vehicle on a highway.

"No person shall own, operate, or have in his possession any motor vehicle equipped with a device for producing excessive smoke or gas, or so equipped as to permit oil or any other chemical to flow into or upon the exhaust pipe or muffler of such vehicle or equipped in any other way to produce or emit smoke or dangerous or annoying gases from any portion of such vehicle, other than the ordinary gases emitted by the exhaust of an internal combustion engine under normal operation."

It is not contended that the mufflers used by the defendant were "not in good working order or condition" except that in the opinion of the officer the automobile made a loud noise which was greater than similar automobiles ordinarily make. This is not a violation of the statute. No standard whatever is specified. A court may not supply the omission.

The judgment of conviction is reversed, and judgment entered for the defendant.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.