**Carolyn Faye JAMES, Appellant,**

v.

**STATE of Texas, State.**

**Nos. 2–81–164–CR, 2–81–165–CR.**

Court of Appeals of Texas,
Fort Worth.

June 23, 1982.

Stephen C. Maxwell, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and Tom Myers, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

Appeals are taken from separate convictions for contributing to the delinquency of a minor. Tex.Civ.Stat.Ann. art. 2338–1a (Supp.1982). The punishment assessed by the court in each case is $200.00 fine and 60 days confinement, with the jail sentences to run concurrently.

We affirm.

The minor was a female child, fourteen years of age at the times of the offenses charged.

Appellant pled not guilty in cause number 0095304, but was found guilty by the court in a non-jury trial. She pled guilty in cause number 0095305. She appeals from the judgment and sentence imposed in each case.

Appellant complains that in each case (1) her motion to quash the information should have been granted; (2) her motion for instructed verdict should have been granted; (3) the statute upon which the prosecution is based is unconstitutional; and (4) the statute is indefinite, vague and uncertain.

Appellant was charged in each case with the offense of contributing to the delinquency of a child by encouraging and causing her to dance nude in a public place. The information filed under cause number 0095304 alleged that the offense occurred on May 9, 1979. The date alleged in the information filed under cause number 0095305 is April 27, 1979.

Appellant argues that each information brought against her failed to allege an offense under the laws of Texas, because the act of aiding and encouraging of a minor to dance nude, is not within the definition of "delinquency" as set forth in the statute.

We disagree.

Each information filed against the appellant charges that on the date alleged, she did:

"[T]hen and there intentionally and knowingly contribute to the delinquency of a child under 17 years of age, to-wit: D_____ M_____ D_____, by encouraging and aiding D_____ M_____ D_____ to dance nude in a public place, to-wit: The Booby Trap, 323 S. Collard, Tarrant County, Texas."

■ The requirements of specificity apply to an information as well as to an indictment, V.A.C.C.P. art. 21.13. An information must allege facts sufficient to give an accused notice of the particular offense charged. V.A.C.C.P. art. 21.11.

Our task is to determine whether the face of each information sets forth in plain and intelligible language sufficient information to enable the accused to prepare her defense. *Moore v. State*, 532 S.W.2d 333 (Tex. Cr.App.1976).

■ Each information (a) correctly names the appellant, (b) alleges a specific date on which she allegedly encouraged and aided the minor to dance nude in public; (c) identifies the offense as "contributing to the delinquency of a minor," and (d) names the place where the offense is alleged to have been committed. We hold that each information alleges an offense in plain and intelligible language sufficient to have enabled appellant to prepare her defense.

■ Appellant also contends that the conduct with which she was charged is not unlawful under the provisions of V.A.C.S. art. 2338–1a, which states:

"[A]ny person who by *any* act encourages, causes, acts in conjunction with, or contributes to the delinquency, dependency or the neglect of such child, . . . under the age of seventeen years . . . shall be fined not exceeding Five Hundred ($500.00) Dollars or be imprisoned in jail not to exceed one year, or both. By the term 'delinquency' as used herein is also meant any act which tends to debase or

injure the morals, health or welfare of such child . . . and *any other act* which would constitute such a child a delinquent or cause it to become a delinquent by committing such act." (Emphasis added).

The information filed in each case identifies the offense charged by using the statutory name, that is, "contributing to the delinquency of a minor."

Appellant argues, however, that the information does not allege any statutory language that describes the offense charged.

The Court of Criminal Appeals has held that if the language of a statute does not completely describe the acts that may constitute an offense, then it is not sufficient for the indictment or information merely to track the statutory language. *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr.App.—1978).

Although the language of art. 2338–1a does not factually describe all acts which may constitute the offense, with which appellant is charged, the information in each case specifically describes appellant's conduct and alleges it as the offense of contributing to the delinquency of a minor. We hold that each information sufficiently alleges an offense.

The first ground of error is overruled.

■ The second ground complains that the trial court erred in overruling her motion for instructed verdict.

At the close of the State's evidence against the appellant in cause number 0095304, she filed a motion for an instructed verdict of not guilty, on the ground that the evidence was insufficient to sustain conviction.

Appellant has furnished us with only a partial statement of facts, which contains none of the testimony and evidence that was offered by the State in support of its case. A record which does not contain a transcription of the court reporter's notes presents nothing for us to review. *Beck v. State*, 583 S.W.2d 338 (Tex.Cr.App.—1979), *Holcomb v. State*, 523 S.W.2d 661 (Tex.Cr.App.—1975).

The second ground of error is overruled.

The third and fourth grounds complain that the trial court erred in overruling her motions because art. 2338–1a is unconstitutional, indefinite, vague and uncertain.

■ When the constitutionality of a statute is attacked, we must begin with the presumption that the statute is valid. *Ex parte Granviel*, 561 S.W.2d 503 (Tex.Cr.App. —1978); *Ex parte Smith*, 441 S.W.2d 544 (Tex.Cr.App.—1969). The party who challenges a statute's constitutionality has the burden of proving that point. *Robinson v. Hill*, 507 S.W.2d 521 (Tex.1974).

Appellant argues that the descriptions of "delinquency" in 2338–1a, *supra*, are so overly broad, they are not subject to clear interpretation by a person of reasonable intelligence. Appellant specifically attacks the phrase "any act which tends to debase or injure the morals, health or welfare of such child. . . ."

■ Acts of the Legislature must describe plainly and with reasonable precision, conduct which constitutes an offense. *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974).

■ We conclude that the language of art. 2338–1a is sufficiently plain to inform persons of reasonable intelligence that the act of encouraging and aiding a female child 14 years of age to dance nude in a public bar could tend to debase of injure her morals or welfare and encourage or contribute to her delinquency.

We hold that the conduct with which the appellant was charged is within the zone of conduct that art. 2338–1a proscribes as tending to debase or injure the morals or welfare of a child. Therefore the statute is not unconstitutionally vague or overbroad. *Smith v. State*, 478 S.W.2d 518 (Tex.Cr.App. 1972); *Deeds v. State*, 474 S.W.2d 718 (Tex. Cr.App.1971).

Additionally, the record on appeal contains no objection by appellant in the trial court which attacks the statute as being unconstitutional, indefinite, vague or uncertain.

A constitutional ground may be waived by failure to object, and we conclude that any error on that ground was not properly preserved. *Thompson v. State*, 537 S.W.2d 732 (Tex.Cr.App.—1976).

The third and fourth grounds of error are overruled.

Judgment affirmed.