583 S.E.2d 756

**The STATE, Respondent,**

v.

**Emory Alvin MICHAU, Jr., Appellant.**

**No. 25679.**

Supreme Court of South Carolina.

Heard May 28, 2003.

Decided July 21, 2003.

Rehearing Denied Aug. 6, 2003.

Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor Ralph E. Hoisington, of North Charleston, for respondent.

Justice BURNETT.

Appellant Emory Alvin Michau, Jr., was convicted of contributing to the delinquency of a minor and participating in prostitution of a minor. He was sentenced to three years, consecutive, on each charge. We affirm.

## ISSUES

I. Did the trial judge err by failing to quash the contributing to the delinquency of a minor indictment on the grounds the underlying statute was void for vagueness?

II. Did the trial judge err by admitting propensity evidence?

## DISCUSSION

### I.

Appellant contends the trial judge erred by denying his motion to quash the indictment for contributing to the delin-

quency of a minor on the basis the indictment was void for vagueness. In particular, he claims the phrase "endanger the morals or health" is unconstitutionally overbroad and vague. We disagree.

Appellant was indicted for violating South Carolina Code Ann. § 16–17–490(10) (2003) which provides, in relevant part:

It shall be unlawful for any person over eighteen years of age to knowingly and willfully (sic) encourage, aid or cause or to do any act which shall cause or influence a minor:

. . . .

(10) To so deport himself or herself as to willfully (sic) injure or *endanger his or her morals or health* or the morals or health of others.

(Underline added).

An indictment is sufficient if it "charges the crime substantially in the language of the common law or of the statute prohibiting the crime. . . ." S.C.Code Ann. § 17–19–20 (2003). An indictment is adequate if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and acquittal or conviction to be placed in bar to any subsequent prosecution. *State v. Owens*, 346 S.C. 637, 552 S.E.2d 745 (2001); *State v. Crenshaw*, 274 S.C. 475, 266 S.E.2d 61 (1980).

The phrase "endanger the morals or health" in the indictment against appellant derives directly from the language of the underlying statute appellant was accused of violating. The indictment was sufficient. S.C.Code Ann. § 17–19–20 (2003).

Appellant's chief complaint is that § 16–17–490(10) is unconstitutionally overbroad and vague. We disagree.

Statutes are to be construed in favor of constitutionality; the Court will presume a legislative act is constitutionally valid unless a clear showing to the contrary is made. *State v. Brown*, 317 S.C. 55, 451 S.E.2d 888 (1994). "The concept of vagueness or indefiniteness rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication." *Curtis v. State*, 345 S.C. 557, 571, 549 S.E.2d 591, 598 (2001), *cert. denied* 535 U.S. 926, 122

S.Ct. 1295, 152 L.Ed.2d 208 (2002), *quoting City of Beaufort v. Baker,* 315 S.C. 146, 152, 432 S.E.2d 470, 472 (1993). The constitutional standard for vagueness is the practical criterion of fair notice to those to whom the law applies. A law is unconstitutionally vague if it forbids or requires the doing of an act in terms so vague that a person of common intelligence must necessarily guess as to its meaning and differ as to its application. *Toussaint v. State Bd. of Med. Exam'rs,* 303 S.C. 316, 400 S.E.2d 488 (1991). One to whose conduct the law clearly applies does not have standing to challenge it for vagueness. *Id.*

■ At trial, the victim testified appellant offered him marijuana and beer in exchange for sex. The victim stated he told appellant he was seventeen years old. Appellant's act of encouraging a minor to drink beer and smoke marijuana, conduct which is illegal, clearly endangers the morals, if not the health, of the minor. Accordingly, appellant lacks standing to challenge the constitutionality of § 16–17–490(10). *Toussaint v. State Bd. of Med. Exam'rs, supra.*

■ In any event, the phrase "endangering the morals or health" is not unconstitutionally vague. A person of ordinary intelligence and judgment need not guess at conduct which would "endanger the morals or health" of a minor.

Appellant relies on *State v. Flinn,* 158 W.Va. 111, 208 S.E.2d 538 (1974), in which the West Virginia Supreme Court held the statutory language "[d]eports himself so as to willfully injure or endanger the morals or health of himself or others" was unconstitutionally vague because the language was facially subjective. The court concluded that portion of the statute violated the Due Process Clause of the United States Constitution. U.S. Const. amend. XIV.

At least two other courts have upheld challenges to "health and morals" language in their states' contributing to the delinquency of a minor statutes. *Brockmueller v. State,* 86 Ariz. 82, 340 P.2d 992, *cert. denied* 361 U.S. 913, 80 S.Ct. 258, 4 L.Ed.2d 184 (1959) (statute which prohibits encouraging acts which have effect of injuring morals or health of a child has long history of common law interpretation which renders sufficiently clear and meaningful language which might otherwise be vague and uncertain); *James v. State,* 635 S.W.2d 653

(Tex.Ct.App.1982) (statute providing "any act which tends to debase or injure the morals, health or welfare of [a] child . . . ." is not unconstitutionally vague). Moreover, numerous other jurisdictions have denied vagueness challenges to contributing to the delinquency of a minor statutes even though the statutes do not define with specificity the conduct which is prohibited. *State v. Barone*, 124 So.2d 490 (Fla.1960); *McDonald v. Commonwealth*, 331 S.W.2d 716 (Ky.1960); *State v. Simants*, 182 Neb. 491, 155 N.W.2d 788 (1968); *State v. McKinley*, 53 N.M. 106, 202 P.2d 964 (1949); *State v. Sparrow*, 276 N.C. 499, 173 S.E.2d 897 (1970); *State v. Coterel*, 97 Ohio App. 48, 123 N.E.2d 438 (1953), *appeal dismissed* 162 Ohio St. 112, 120 N.E.2d 590 (1954); *Birdsell v. State*, 205 Tenn. 631, 330 S.W.2d 1 (1959); *State v. Tritt*, 23 Utah 2d 365, 463 P.2d 806 (1970); *State v. Friedlander*, 141 Wash. 1, 250 P. 453 (1926), *error dismissed* 275 U.S. 573, 48 S.Ct. 17, 72 L.Ed. 433 (1927).

Section 16–17–490(10) is constitutional.

## II.

■ Appellant argues the trial judge erred by denying his motion to redact a portion of his written statement on the basis the objectionable portion was inadmissible propensity evidence. We disagree.

Prior to trial, appellant requested the trial judge redact nine sentences from his written statement to the police on the basis that the noted portion constituted inadmissible propensity evidence under Rule 404(b), SCRE. The trial judge agreed to redact the last six sentences from the statement, but declined to redact three other sentences.

Over appellant's objection, the State entered appellant's redacted statement during the testimony of a police detective. The three sentences at issue are as follows:

I don't understand why I was attracted to him. I think I was attracted to him because he looked like he was fifteen. When I found out he was older it seemed perfect.

The trial judge properly overruled appellant's objection to the admission of the three sentences. The three sentences do not constitute propensity evidence under Rule 404(b), SCRE.

The sentences at issue do not refer to any "crimes, wrongs, or acts" which are generally inadmissible under Rule 404(b). Rule 404(b) (evidence of defendant's other crimes, wrongs, or acts to prove defendant's guilt for crime charged inadmissible); *see Anderson v. State,* 354 S.C. 431, 581 S.E.2d 834 (2003) (threatening statement is not a bad act); *State v. Beck,* 342 S.C. 129, 536 S.E.2d 679 (2000) (statement of intent to commit a crime is not a bad act). Accordingly, the trial judge properly overruled appellant's Rule 404(b) objection to the three sentences.

Appellant's convictions and sentences are **AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.