608 S.E.2d 422

The STATE, Respondent,

v.

David F. SULLIVAN, Appellant.

No. 25923.

Supreme Court of South Carolina.

Heard Dec. 2, 2004.

Decided Jan. 10, 2005.

Rehearing Denied Feb. 17, 2005.

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Harold W. Gowdy, III, of Spartanburg, for Respondent.

Justice PLEICONES:

Appellant was convicted of criminal domestic violence of a high and aggravated nature (CDVHAN) and sentenced to ten years imprisonment. We certified the case for review under Rule 204(b), SCACR. We affirm.

## FACTS

Appellant was indicted for CDVHAN. The aggravating circumstances alleged were infliction of serious bodily injury, difference in gender, great disparity in the ages or physical conditions of the parties, and purposeful infliction of shame and disgrace.

Prior to *voir dire*, Appellant moved the circuit court to strike "purposeful infliction of shame and disgrace," claiming the phrase was unconstitutionally vague in that it failed to

provide notice of the particular conduct to be avoided in order to stay within the bounds of the law. The court denied the motion.

The case went to trial, and Appellant was convicted. Before sentencing, Appellant moved for a new trial, again claiming vagueness. The court denied this motion as well.

On appeal, Appellant claims he is entitled to a new trial because there is a reasonable doubt that he would have been convicted of CDVHAN [1] had the jury not been charged as to "purposeful infliction of shame and disgrace." In support of his vagueness claim, Appellant asserts "shame" and "disgrace" lack clear meaning. In addition, Appellant asserts there is no standard by which to determine the existence of a purposeful infliction.

## ISSUE

Whether "purposeful infliction of shame and disgrace" is unconstitutionally vague.

## ANALYSIS

A person is guilty of CDVHAN if he or she commits criminal domestic violence [2] and "the elements of assault and battery of a high and aggravated nature [ABHAN] are present." S.C.Code Ann. § 16–25–65 (2003).[3] ABHAN is "an

---

1. On appeal Appellant does not deny that criminal domestic violence occurred.

2. Criminal domestic violence is "caus[ing] physical harm or injury to a person's own household member" or "offer[ing] or attempt[ing] to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." S.C.Code Ann. § 16–25–20(A) (2003 and Supp.2003). The legislature's 2003 amendments to section 16–25–20 did not redefine criminal domestic violence. See 2003 Act No. 92, § 3 (effective January 1, 2004).

3. In 2003 the legislature substantially amended section 16–25–65, redefining CDVHAN. 2003 Act No. 92, § 3 (effective January 1, 2004); see also S.C.Code Ann. § 16–25–65(A) (Supp.2003). The version in effect from 1994 through 2003 applies to this case. See S.C.Code Ann. § 16–25–65(A) (2003).

unlawful act of violent injury" accompanied by a circumstance of aggravation. *State v. Primus,* 349 S.C. 576, 580, 564 S.E.2d 103, 105 (2002). Circumstances of aggravation include: use of a deadly weapon; intent to commit a felony; infliction of serious bodily injury; great disparity in the ages or physical conditions of the parties; difference in gender; purposeful infliction of shame and disgrace; taking indecent liberties or familiarities with a female; and resistance to lawful authority. *Primus,* 349 S.C. at 580–81, 564 S.E.2d at 105–06.

■ Regarding vagueness, the due-process[4] standard is whether the statute "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926); *see also State v. Michau,* 355 S.C. 73, 75–78, 583 S.E.2d 756, 758–59 (2003) (applying the principle).

■ We disagree with Appellant that the CDVHAN statute violates due process. "Shame" and "disgrace" are common terms, so a person of common intelligence need not guess at the meanings. Likewise, a person of common intelligence understands what "purposeful infliction" means. Consequently, "purposeful infliction of shame and disgrace" does not offend due process. Appellant's conviction is

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

4. U.S. Const. amend. XIV, § 1; S.C. Const. art. I, § 3.