THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Larry Smith, Appellant.
 
 
 

Appeal From Darlington County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2006-UP-362
Submitted October 1, 2006  Filed October 24, 2006

AFFIRMED

 
 
 
 Tara Shurling, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Jay E. Hodge, Jr., of Cheraw, for Respondent.
 
 
 

PER CURIAM:  Larry Smith appeals his convictions for second degree criminal sexual conduct with a minor and two counts of contributing to the delinquency of a minor.  He argues the circuit court erred in denying his motion for directed verdict.  We affirm.[1]
FACTS
On March 20, 2004, Victim[2] left her grandmothers home without the knowledge or consent of her grandmother.  At approximately midnight, Victim, was picked up outside the home and driven to a residence on Lee State Park Road in Darlington County.  Accompanying Victim on this drive were the twenty-year-old driver, the drivers seventeen-year-old brother, and Victims fourteen-year-old girl friend.  The driver dropped off the three passengers and returned to her home.  
Once at the residence, Victim and her friend joined a group of people, including Larry Smith, in the pool house.[3]  Everyone then spent some time in the pool house listening to music, playing pool, and drinking alcoholic beverages.  At approximately 3 a.m., John Jordan agreed to drive Victim and her girl friend home.  Because of Jordans young age, he was not legally permitted to drive without a licensed driver over the age of nineteen, thus Smith agreed to accompany him.  Jordan dropped off Victims friend at her home, but for reasons which are in dispute, Victim was never dropped off at her grandmothers home.[4]  Victim returned to the Lee State Park Road residence where she spent the night.  
Victims girl friend had telephoned Victims grandmothers home around 4 a.m. to make sure that Victim had made it home.  It was at this point that Victims grandmother realized Victim was not there, and she called the police.  After speaking with Victims friend, the police were able to locate Victim at the Lee State Park Road residence, and they returned her to her grandmothers home.    
Although Victim did not indicate to her family that she had been sexually assaulted, her aunt took her to the hospital for an examination, and a rape kit was taken.  Victims exam produced evidence of non-consensual sex, and semen was found in her vagina.  At the hospital, the police were told by Victims mother that Smith had sexually assaulted her daughter, and on March 22, 2004, Victim confirmed the assault in a conversation with a social worker.    
A Darlington County grand jury indicted Smith on second degree criminal sexual conduct with a minor and two counts of contributing to the delinquency of a minor.  At trial, the jury convicted Smith on all charges and the trial court sentenced him to a total of twelve years imprisonment.  This appeal followed.   
STANDARD OF REVIEW
“When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight.” State v. Cherry, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004). When reviewing a denial of a directed verdict, this Court must view the evidence in the light most favorable to the state. State v. Burdette, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999). “If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.” Cherry, 361 S.C. at 593-94, 606 S.E.2d at 478. See State v. Gaster, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (finding that on an appeal from trial court’s denial of a motion for a directed verdict, appellate court may only reverse the trial court if there is no evidence to support the trial court’s ruling). “When considering directed verdict motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence.” Erickson v. Jones Street Publishers, L.L.C., 368 S.C. 444, 463, 629 S.E.2d 653, 663 (2006).
LAW/ANALYSIS
I.  Directed Verdict
Smith contends the trial court erred in denying his motion for directed verdict.  Smith maintains that there was no credible evidence to support a finding that he was guilty.  We disagree.
A.  Criminal Sexual Conduct
Section 16-3-655(2) of the South Carolina Code (2003)[5] states: A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age.  Sexual battery, in pertinent part, is defined as [s]exual intercourse . . . or any intrusion, however slight, of any part of a persons body or of any object into the genital or anal openings of another persons body . . ..  S.C. Code Ann. § 16-3-651(h) (Supp. 2005).    
In this case, the State presented evidence that would allow a reasonable jury to find Smith sexually assaulted Victim.  Victim testified that she was twelve years old at the time of the incident.  Victim further testified that Smith shoved her on the bed, removed his and her clothing, and inserted his penis into her vagina.  It is undisputed that the twelve-year-old Victim had sexual intercourse on the night in question, and DNA analysis, while failing to provide the typical level of certainty, did not exclude Smith.[6]  
Smiths argument goes to the credibility of the Victim and the weight of the DNA evidence.  However, the credibility and weight of evidence are issues to be decided by the trier of fact.  Whether or not to believe testimony and how to weigh the evidence are tasks that fall squarely within the province of the jury.  We do not have the authority to disturb jury decisions in these areas.  Under our limited standard of review, we find there was evidence to support the trial courts denial of Smiths directed verdict motion.  Therefore, we find no error by the trial court.
B.  Contributing to the Delinquency of a Minor
Section 16-17-490 of the South Carolina Code (Supp. 2005) states in pertinent part:

 It shall be unlawful for any person over eighteen years of age to knowingly and wilfully encourage, aid or cause or to do any act which shall cause or influence a minor: (1) To violate any law or any municipal ordinance; . . .  (10) To so deport himself or herself as to wilfully injure or endanger his or her morals or health or the morals or health of others.     

Appellants act of encouraging a minor to drink beer and smoke marijuana, conduct which is illegal, clearly endangers the morals, if not the health, of the minor.  State v. Michau, 355 S.C. 73, 77, 583 S.E.2d 756, 758-59 (2003).
Smith testified that at the time of the April 2005 trial, he was thirty one years old, thus he was certainly over the age of eighteen at the time of the alleged incident.  Victims fourteen-year-old friend testified that Smith handed her a beer for her and Victim to share.  Although Victim testified that it was not Smith who handed her friend the beer, the conflicting statements were properly submitted to the jury to weigh.    
Because there is evidence to support the trial courts denial of Smiths directed verdict motion, we find no error.
CONCLUSION
We find no error in the trial courts denial of the directed verdict motion.  Based on the foregoing, Smiths convictions are
 AFFIRMED.
 ANDERSON, HUFF, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR. 
[2] As used in this opinion, Victim refers to the minor child who was the victim of criminal sexual conduct.  While Appellant maintains his innocence, both sides agree that the minor had sexual intercourse on the night in question.  Since this minor was twelve-years-old and could not legally consent to sexual intercourse, she is undoubtedly the victim of criminal sexual conduct.
[3] The pool house is a structure located behind the Lee State Park Road residence.  This structure is a small building with a pool table.  
[4] Jordan and Smith testified Victim refused to exit the vehicle when they brought her to her grandmothers home because she saw that her grandmother was awake, and she did not want to be in trouble.  Victim testified that she was held in the vehicle and not permitted to leave.  
[5] This statute was amended in 2005 and what was 16-3-655 (2) at the time of this conviction is now 16-3-655 (B).
[6] Because only a partial DNA profile was attained, DNA analysis was limited and resulted in a 1 in 1,600 chance that the DNA was not that of Smith.