OPINION
{¶ 1} Defendant, Robin Williams, appeals from her conviction and sentence for possessing crack cocaine.
 {¶ 2} On September 16, 2005, Dayton police officers William Gross and James Mollohan were in a marked cruiser waiting at the traffic light at the intersection of James H. *Page 2 
McGee Boulevard and West Second Street, when they noticed a 1987 Honda in front of them that had a loud, defective muffler. The officers initiated a traffic stop of the vehicle. The driver, Defendant Robin Williams, did not have a driver's license but provided identifying information to police. A computer check disclosed that Defendant had an expired license and an outstanding traffic warrant.
 {¶ 3} Defendant was placed under arrest, patted down, and brought to the Montgomery County jail. Prior to entering the jail, Officer Mollohan asked Defendant if she had anything on her that might result in additional charges if she brought it into a detention facility. Defendant said she did not. During book-in procedures, a search by jail officials disclosed a rock of crack cocaine hidden inside Defendant's bra.
 {¶ 4} Defendant was indicted for possessing crack cocaine in an amount greater than five grams but less than ten grams in violation of R.C.2925.11(A),(C)(4)(c), a felony of the third degree. Defendant filed a motion to suppress the evidence which the trial court overruled following a hearing. A jury trial was held and Defendant was found guilty. The trial court sentenced Defendant to a mandatory one year prison term. *Page 3 
 {¶ 5} We granted Defendant leave to file a delayed appeal.
ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS THE FRUITS OF AN UNLAWFUL SEIZURE."
 {¶ 7} Defendant argues that her Fourth Amendment rights were violated because police lacked sufficient reasonable suspicion of criminal activity to justify stopping the vehicle she was driving. Relying upon our decision in State v. Cox (1963), 118 Ohio App. 67, Defendant contends that stopping her vehicle for a traffic violation involving a loud muffler was not warranted because the statute pertaining to defective mufflers, R.C. 4513.22, does not prohibit excessive muffler noise.
 {¶ 8} In State v. Scimemi (June 2, 1995), Clark App. NO. 94-CA-58, we rejected the argument Defendant makes in this case, stating:
 {¶ 9} "We do not find Scimemi's argument persuasive. The version of R.C. 4513.22 in effect at the time of our decision in Cox did not address excessive noise. However, R.C. 4513.22 was revised in 1968 to specifically provide that a muffler must `prevent excessive or unusual noise.' Subsequent to the revision, courts have consistently held that excessive or unusual noise from a muffler is prohibited by R.C. 4513.22 *Page 4 
and, thus, observation of a loud muffler provides a reasonable suspicion to warrant the stop of an automobile. See, e.g., State v. Melvan (1992),80 Ohio App.3d 443, 609 N.E.2d 595." Opinion at 2.
 {¶ 10} Because observation of a loud muffler provides sufficient reasonable suspicion of a violation of R.C. 4513.22 to justify the stop of a motor vehicle, Scimemi, the stop of Defendant's vehicle for a traffic violation involving excessive muffler noise was lawful.Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431. Defendant's Fourth Amendment rights were not violated.
 {¶ 11} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1