THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Antjuan T. Greene, Appellant.
 
 
 

Appeal From Abbeville County
Eugene C. Griffith, Jr., Circuit Court
 Judge

Unpublished Opinion No. 2012-UP-001
Submitted December 1, 2011  Filed January
 4, 2012 

AFFIRMED

 
 
 
Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior
 Deputy Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor
 Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Antjuan
 T. Greene appeals his convictions for first-degree burglary, criminal domestic
 violence of a high and aggravated nature (CDVHAN), and malicious injury to real
 property.  Greene argues the trial court erred (1) in denying his directed
 verdict motions on his CDVHAN and first-degree burglary charges and (2) in admitting
 unduly prejudicial photographs into evidence.  We affirm.[1]
1.  We find the record contains sufficient evidence upon which the
 trial court could have relied in denying both of Greene's directed verdict
 motions.  "When ruling on a motion for a directed verdict, the trial court
 is concerned with the existence or nonexistence of evidence, not its
 weight."  State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648
 (2006).  "If there is any direct evidence or any substantial
 circumstantial evidence reasonably tending to prove the guilt of the accused,
 the [appellate] [c]ourt must find the case was properly submitted to the jury."  Id. at 292-93, 625 S.E.2d at 648.  
If a person commits a criminal domestic violence offense and the
 elements of assault and battery of a high and aggravated nature (ABHAN) are
 present, that person is guilty of CDVHAN.  State v. Sullivan, 362 S.C.
 373, 375, 608 S.E.2d, 422, 424 (2005).  "ABHAN is 'an unlawful act of
 violent injury' accompanied by a circumstance of aggravation."  Id. at 375-76, 608 S.E.2d at 424 (quoting State v. Primus, 349 S.C. 576,
 580, 564 S.E.2d 103, 105 (2002)).  Among the potential circumstances of
 aggravation is serious bodily injury.  Id. at 376, 608 S.E.2d at 424.  As
 to the CDVHAN charge, the State presented testimony and photographs showing the
 victim suffered three separate nose fractures, a cut requiring four stitches, swelling
 of the eyes to the point the victim could no longer see, and multiple other
 scrapes and bruises as a result of Greene's attack.  Based on this testimony
 and photographs submitted at trial, the State presented evidence that
 reasonably tended to prove the victim suffered serious bodily injury. 
 Accordingly, the record contains sufficient evidence the trial court could rely
 on in denying Greene's motion for a directed verdict.  
As to the burglary charge, we initially note Greene's argument
 concerning the victim consenting to Greene's entry into the home was never raised
 to or ruled upon by the trial court; therefore, it is not preserved for review.
  See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694
 (2003) ("A party may not argue one ground at trial and an alternate ground
 on appeal.").  Concerning the portion of Greene's argument that is
 preserved, "[a] person is guilty of burglary in the first degree if the
 person enters a dwelling without consent and with intent to commit a crime in
 the dwelling, and . . . while in the dwelling or in immediate flight, he . . .
 causes physical injury to a person who is not a participant in the crime." 
 S.C. Code Ann. § 16-11-311(A)(1)(b) (2003).  Because intent is generally not
 susceptible to proof by direct evidence, it ordinarily must be inferred from
 circumstantial evidence.  State v. Tuckness, 257 S.C. 295, 299, 185
 S.E.2d 607, 608 (1971).  Here, the State presented testimony stating Greene
 repeatedly beat and kicked the victim's door and pushed aside a clothes dryer
 just to gain entry to the home.  Moreover, the victim testified, upon entering
 her home, Greene immediately came towards her and began his assault.  Based on
 this testimony, the State presented evidence reasonably tending to prove Greene
 intended to commit a crime upon entering the victim's home.  Accordingly, the
 trial court did not err in denying Greene's directed verdict motion on the
 first-degree burglary charge.  
2.  We find the trial court did not abuse its discretion in
 admitting into evidence photographs showing the victim's injuries.  "The
 relevance, materiality and admissibility of photographs are matters within the
 sound discretion of the trial court and a ruling will be disturbed only upon a
 showing of an abuse of discretion."  State v. Rosemond, 335 S.C.
 593, 596, 518 S.E.2d 588, 589-90 (1999).  Relevant evidence "may be
 excluded if its probative value is substantially outweighed by the danger of
 unfair prejudice."  Rule 403, SCRE.  Photographs entered into evidence
 will be considered unfairly prejudicial when they create an undue tendency to
 suggest an improper basis for a decision, usually based on emotion.  State
 v. Jackson, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005).  Such photographs
 which are "calculated to arouse the sympathy or prejudice of the jury
 should be excluded if they are irrelevant or not necessary to substantiate
 material facts or conditions."  Id.  "If [a] photograph serves
 to corroborate testimony, it is not an abuse of discretion to admit it."  Rosemond,
 355 S.C. at 597, 518 S.E.2d at 590.  One of the aggravating circumstances that
 can lead to a conviction for CDVHAN is serious bodily injury.  See Sullivan,
 362 S.C. at 375-76, 608 S.E.2d at 424.  Although the photographs in question
 depict blood due to the victim's injuries following her assault, the nature of
 these injuries is very probative as to whether the serious bodily injury
 circumstance has been fulfilled such that Greene could be convicted of CDVHAN. 
 Additionally, the photographs serve to corroborate the testimony of several
 witnesses as to the nature and severity of the victim's injuries.  Accordingly,
 the trial court did not err in admitting photographs of the victim's injuries.  
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.