[Cite as *State v. Crowley*, 2026-Ohio-1402.]

**IN THE OHIO COURT OF APPEALS**
**FIFTH APPELLATE DISTRICT**
**STARK COUNTY, OHIO**

| | |
|---|---|
| STATE OF OHIO | Case No. 2025CA00112 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2025-CR-1014 |
| DENNIS CROWLEY | Judgment: AFFIRMED |
| Defendant - Appellant | Date of Judgment Entry: April 17, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Kevin W. Popham, Judges

**APPEARANCES:** KYLE L. STONE, VICKI L. DESANTIS, for Plaintiff-Appellee; GEORGE URBAN, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant, Dennis Crowley, appeals the August 4, 2025 judgment entry of the Stark County Common Pleas Court denying his motion to suppress. Plaintiff-Appellee is State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 7, 2025, Jackson Township Police Patrol Officer Scott Webb stopped Crowley for a loud muffler. While confirming Crowley's identity, Officer Webb discovered Crowley's driver's license was suspended out of New York. Because Crowley could not validly drive, the vehicle was ordered to be towed. Officer Webb conducted an inventory search of the vehicle and discovered powdered cocaine between the driver's seat and the center console.

{¶ 3}　On June 11, 2025, the Stark County Grand Jury indicted Crowley on one count of possession of cocaine in violation of R.C. 2925.11.

{¶ 4}　On July 14, 2025, Crowley filed a motion to suppress, arguing Officer Webb lacked a reasonable articulable suspicion that he had committed, was committing, or about to commit a crime or lacked probable cause to pull him over.　A hearing was held on July 24, 2025.　By judgment entry filed August 4, 2025, the trial court denied Crowley's motion, finding Officer Webb did indeed have a reasonable articulable suspicion to effectuate the traffic stop i.e., loud muffler.

{¶ 5}　On August 6, 2025, Crowley pled no contest to the charge; the trial court found him guilty.　By judgment entry filed August 13, 2025, the trial court sentenced Crowley to three years of community control.

{¶ 6}　Crowley filed an appeal with the following assignment of error:

I

{¶ 7}　"THE TRIAL COURT ERRED IN OVERRULING CROWLEY'S MOTION TO SUPPRESS BECAUSE THE OFFICER LACKED REASONABLE SUSPICION TO INITIATE A TRAFFIC STOP."

I

{¶ 8}　In his sole assignment of error, Crowley claims the trial court erred in denying his motion to suppress.　We disagree.

{¶ 9}　As stated by the Supreme Court of Ohio in *State v. Leak,* 2016-Ohio-154, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact."　*State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372,

797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 10} We therefore hold that as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal.

{¶ 11} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures. *State v. Mays,* 2008-Ohio-4539, citing *State v. Orr,* 2001 Ohio 50. A traffic stop is constitutionally valid if an officer personally observes a traffic violation or has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime. *Dayton v. Erickson,* 76 Ohio St.3d 3 (1996); *Delaware v. Prouse,* 440 U.S. 648 (1979). Further, "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Freeman,* 64 Ohio St. 2d 291 (1980), paragraph one of the syllabus. "Therefore, if an officer's decision to stop a motorist for a criminal violation,

including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Mays* at ¶ 8.

{¶ 12} R.C. 4513.22(A) governs mufflers and states the following in pertinent part: "Every motor vehicle and motorcycle with an internal combustion engine shall at all times be equipped with a muffler which is in good working order and in constant operation to prevent excessive or unusual noise, and no person shall use a muffler cutout, by-pass, or similar device upon a motor vehicle on a highway." Loud mufflers have been found to provide reasonable suspicion to effectuate a traffic stop. *State v. Rayburn,* 2019-Ohio-1028 (5th Dist.); *State v. Williams,* 2007-Ohio-4617 (2d Dist.).

{¶ 13} In denying the motion to suppress, the trial court found the following:

In weighing all of the evidence, and assessing the credibility of the witness, the Court finds that Officer Webb had reasonable articulable suspicion to effectuate a traffic stop. Defendant maintains that he was stopped for the exhaust odor alone and that such a stop would be unlawful. First, Defendant cites no legal authority for that proposition. Moreover, Officer Webb testified that it was the loud muffler that he first noticed and that muffler can also be heard in the body camera video. He further noted the loud muffler in his report.

{¶ 14} In his motion to suppress, Crowley argued Officer Webb stopped him "because he could smell his exhaust" and the muffler statute does not have a "smell requirement." July 14, 2025 Motion to Suppress at 5. Now Crowley argues there was no competent credible evidence as a matter of fact to conclude that Crowley's vehicle had a

loud muffler; there was not "any objective, intelligible basis upon which the exhaust noise from Crowley's vehicle could be deemed 'excessive or unusual' under R.C. 4513.22(A)." Appellant's Brief at 5.

{¶ 15} During the suppression hearing, Officer Webb testified while on patrol, his attention was drawn to Crowley's vehicle because of the "noise coming from his exhaust." T. at 7. He proceeded to follow the vehicle and detected an "obvious change of odor" that he assumed was coming from the exhaust. T. at 8. Officer Webb stopped Crowley and advised him that he was stopped for "excessive lo - - - noise of his exhaust." T. at 11. Crowley advised Officer Webb that he had a "modified muffler on his exhaust." *Id.* Body camera footage was played for the trial court. T. at 14; State's Exhibit A. The footage corroborates Officer Webb informing Crowley that he was stopped for his "exhaust . . . noise and fumes." State's Exhibit A, Body Camera Video 25-25443_215_t_stop-4 at 22:41:00. The rumble of the muffler was notable on the video. On cross-examination, Officer Crowley explained he pulled Crowley over because "[t]he noise was apparent" from the muffler. T. at 19. Although the muffler statute has two parts, noise and emissions, the reason he stopped Crowley was because of noise, "[i]t was always that." *Id.* During the replay of the body camera footage, even though the vehicle was stopped, the "low rumble of the exhaust" could be heard. T. at 21. On redirect, Officer Webb stated he followed Crowley for about half a mile and he could hear the muffler the whole way. T. at 27.

{¶ 16} Based upon the totality of the circumstances, we cannot disagree with the trial court's analysis. Crowley's vehicle was loud enough to catch Officer Webb's attention and it could be heard through the body camera footage; the vehicle was rumbling even though it was stopped. Officer Webb consistently testified that he stopped Crowley

because of noise.  Although Crowley's counsel made a valiant effort to make the stop about the odor coming from the exhaust, the stop was because of noise.  We concur with the trial court that Officer Webb had specific articulable facts giving rise to a reasonable suspicion that Crowley was in violation of R.C. 4513.22(A) and the traffic stop was proper.

{¶ 17}  Upon review, we find the trial court did not err in denying Crowley's motion to suppress.

{¶ 18}  The sole assignment of error is denied.

{¶ 19}  For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is AFFIRMED.

{¶ 20} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Popham, J. concur.