United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-40313

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FRANCISCO GOMEZ-PINEDA,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
7:03-CR-896-1

Before DAVIS, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The only significant issue presented in this appeal is whether the district court erred in finding that Gomez-Pineda's prior South Carolina conviction for Assault and Battery of a Highly Aggravated Nature constitutes a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines.[1] The district court

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

[1]The district court sentenced Gomez-Pineda using the 2002 edition of the Guidelines with the April 30, 2003, amendments; all Guidelines sections and Commentary referenced herein refer to this

answered this question in the affirmative and enhanced Gomez-Pineda's offense level by 16 levels.

Gomez-Pineda did not object to the 16-level enhancement before the district court, but contends on appeal that the district court plainly erred in concluding that the South Carolina conviction qualified as a "crime of violence" warranting the 16-level enhancement.

We disagree. The explanatory definition in Part II of the commentary to § 2.L1.2 lists a number of "enumerated offenses" that qualify as "crimes of violence." One of these enumerated offenses is aggravated assault. Although the elements of this offense vary from state to state, we conclude that the district court did not plainly err in concluding that the South Carolina offense qualified as the enumerated offense of aggravated assault.

Gomez-Pineda also contends that the provisions of 8 U.S.C. § 1326 (b)(1) and (2) which provide that a defendant may be sentenced to 10 or 20 years imprisonment for a prior "felony" or "aggravated felony" are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 446 (2000). As appellant recognizes, this issue is controlled by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), in which the Supreme Court rejected this argument.

AFFIRMED.

---

version.

2