United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41299
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDILBERTO RUBIO-ZARATE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-298-ALL
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Edilberto Rubio-Zarate appeals his guilty-plea sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326 (a) and (b). He argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system. He also argues that the district court erred in assessing him two criminal history points for his 1999 conviction of illegal reentry because he did not knowingly and intelligently waive his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sixth Amendment right to counsel before entering an uncounseled plea of guilty to the 1999 charge.

After <u>Booker</u>, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain.  <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732-33 (5th Cir. 2005).  Rubio-Zarate's contention that this error is structural and gives rise to a presumption of prejudice is unavailing.  <u>See</u> <u>United States v. Malveaux</u>, ___ F.3d ___ No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005). Rubio-Zarate must show that the error affected his substantial rights, and he has not done so.  <u>See</u> <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34.  He also has not met his burden of showing that his waiver of counsel in connection with the 1999 conviction was invalid.  <u>See</u> <u>Iowa v. Tovar</u>, 124 S. Ct. 1379, 1390 (2004).  The judgment of the district court is therefore AFFIRMED.