**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edwin Del CID–PEREZ, Defendant–Appellant.**

**No. 04–40797**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 19, 2005.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Sandra Zamora Zayas, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM: [*]

Edwin Del Cid–Perez appeals following his guilty-plea conviction and sentence for being an alien unlawfully found in the United States after deportation subsequent to conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). Del Cid–Perez argues that the district court erroneously calculated his criminal history by considering three prior, uncounseled misdemeanor convictions when assessing his criminal history points. He

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that his waiver of the right to counsel in those cases was invalid because the trial court failed to inform him of the punishment range that he faced. Del Cid–Perez has not met his burden of showing that the waiver of counsel was invalid. *See Iowa v. Tovar*, 541 U.S. 77, 124 S.Ct. 1379, 1390, 158 L.Ed.2d 209 (2004).

Del Cid–Perez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve his argument for further review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* did not overrule *Almendarez–Torres. See Apprendi*, 530 U.S. at 489–90; *United States v. Mancia–Perez*, 331 F.3d 464, 470 (5th Cir.), *cert. denied*, 540 U.S. 935, 124 S.Ct. 358, 157 L.Ed.2d 245 (2003). Del Cid–Perez further argues that, if *Almendarez–Torres* is overruled and if *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to the Federal Sentencing Guidelines, his sentence could not be enhanced based on his prior convictions, unless they were submitted to a jury or admitted by him. As noted, *Almendarez–Torres* has not been overruled, and this court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Mancia–Perez*, 331 F.3d at 470 (internal quotation and citation omitted).

Finally, Del Cid–Perez argues that the district court committed reversible error by imposing a sentence pursuant to the mandatory Federal Sentencing Guideline system that was held unconstitutional in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Del Cid–Perez did not raise this objection in the district court, our review is for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005).

The district court committed error that is plain by sentencing Del Cid–Perez under a mandatory Sentencing Guidelines scheme. *See id.; United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.2005), *petition for cert. filed* (U.S. Mar. 31, 2005) (No. 04–9517). However, Del. Cid–Perez has not carried his burden of showing that the district court's error affected his substantial rights. *See Valenzuela–Quevedo*, 407 F.3d at 733–34; *Mares*, 402 F.3d at 521.

The district court's judgment is AFFIRMED.