United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-51506
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL SAENZ-MACIAS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas, El Paso
USDC No. 3:05-CR-870-ALL

_____

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Manuel Saenz-Macias ("Saenz") appeals his 57-month sentence for illegal reentry. We AFFIRM.

I.

On March 27, 2005, Saenz pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326. The presentence report ("PSR") recommended a Guidelines sentence of 57 to 71 months imprisonment, based on a total offense level of 21 and a criminal history category of IV. The criminal history category of IV was based on 7 criminal history points: 3 points for a 1994 assault conviction,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1 point for a 2001 DWI conviction, 1 point for a 2004 DWI conviction, and 2 points for committing the instant offense while on probation for the 2004 DWI conviction. For both DWI convictions, the PSR noted that Saenz appeared pro se and received a suspended sentence, but the evidence did not show whether Saenz had waived his right to counsel. The district court sentenced Saenz to 57 of months imprisonment, at the bottom of the Guidelines range.

## II.

Saenz appeals his sentence, arguing that his two DWI convictions, which were used for the sentence enhancement, are unconstitutional under Alabama v. Shelton, 535 U.S. 654 (2002). Under Shelton, when a defendant is given a suspended sentence, he has a constitutional right to counsel. Id. at 674. Contending that he was not afforded counsel, Saenz argues that the district court erred by including the two DWI convictions in his criminal history score.[1]

Because Saenz did not object below, we review under the plain error standard. See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). "This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Id. "If all three

---

[1] Saenz may collaterally attack his previous convictions because he asserts a violation of his right to counsel. See Custis v. United States, 511 U.S. 485, 493-95 (1994).

2

conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59. Because plain error only exists if the error affected the defendant's substantial rights, "we will uphold a defendant's sentence if on remand the district court could reinstate the same sentence by relying on a reasonable application of the Sentencing Guidelines." United States v. Wheeler, 322 F.3d 823, 828 (5th Cir. 2003).

Here, we find no plain error in the district court's inclusion of Saenz's 2004 DWI conviction and related probation violation in his criminal history score, because if error there be, it was not plain. Saenz pleaded guilty in January 2004, twenty months after the Supreme Court decided Shelton in May 2002. Therefore, the question is whether twenty months was a sufficient amount of time to establish a presumption of regularity, that is, a presumption that the Colorado courts were aware of Shelton and properly applied Shelton to Saenz's 2004 DWI proceedings by offering him court-appointed counsel, which he then would have waived. The answer is not readily ascertainable, however, because the law is unclear as to whether twenty months is a sufficient amount of time to establish a presumption of regularity. Compare Burgett v. Texas, 389 U.S. 109, 114-15 (1967) (no presumption of waiver where the law in question had not yet been established at the time of the prior conviction), with Parke v. Raley, 506 U.S. 20, 30 (1992)

3

(presumption of regularity existed where the law in question had been established "for nearly a quarter century").[2] Accordingly, any error was not plain. See United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006) ("A 'plain' error is one which is clear under current law.").

Additionally, we find no plain error in the district court's inclusion of Saenz's 2001 DWI conviction in his criminal history score, because the error did not affect his substantial rights. Saenz pleaded guilty to his 2001 DWI conviction before the Supreme Court decided Shelton; therefore, under Burgett, we presume Saenz did not waive his right to counsel and the conviction was unconstitutional. See Burgett, 389 U.S. at 114-15. Accordingly, the district court erred by including Saenz's 2001 DWI conviction in his criminal history. The inclusion, however, did not constitute plain error because it did not affect Saenz's substantial rights. Without the inclusion of the 2001 DWI conviction, Saenz would have received 6 criminal history points, yielding a criminal history category of III. A criminal history category of III, when combined with Saenz's total offense level of 21, would result in a Guidelines range of 46 to 57 months. Thus, even if we were to remand, the district court could reinstate the

---

[2] Iowa v. Tovar, 541 U.S. 77 (2004), is not on-point because there the evidence clearly demonstrated that the defendant waived his right to counsel. See id. at 82. Here, the evidence does not show whether Saenz waived his right to counsel.

4

same sentence of 57 months.  Accordingly, under the plain error standard of review, we leave the district court judgment in place. See Wheeler, 322 F.3d at 828.

## III.

Saenz also argues that his sentence violates due process because it exceeds the statutory maximum sentence for violations of 8 U.S.C. § 1326(a).  As this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), it fails.

## IV.

For the foregoing reasons, Saenz's sentence is

AFFIRMED.