# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-40115
c/w No. 07-40304
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANDRES LUGO-RODRIGUEZ

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-223-1
USDC No. 1:06-CR-842-1

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Andres Lugo-Rodriguez (Lugo) appeals the 30-month sentence imposed following his conviction by guilty plea of being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony. He also appeals the 18-month sentence imposed following the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation of his supervised release for a 2003 attempted-illegal-reentry conviction.

Lugo argues that the district court erred in sentencing him for the offense of being an alien unlawfully found in the United States after deportation because the court included two uncounseled prior convictions in his criminal history score. When reviewing a sentence, we consider whether the district court committed procedural error at sentencing and whether the sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 594 (2007); see also United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). The district court's interpretation and application of the Guidelines are reviewed de novo, and its findings of fact are reviewed for clear error. See Cisneros-Gutierrez, 517 F.3d at 764.

"An uncounseled conviction that results in imprisonment is unconstitutional only if the defendant did not waive his right to any attorney." United States v. Osborne, 68 F.3d 94, 100-01 (5th Cir. 1995). Lugo has the burden of establishing that he did not voluntarily, knowingly, and intelligently waive his right to counsel. See Iowa v. Tovar, 541 U.S. 77, 92 (2004); see also Mallard v. Cain, 515 F.3d 379, 382 (5th Cir. 2008). The district court at sentencing considered records pertaining to the prior convictions, which reflected that Lugo knowingly, intelligently, and voluntarily waived his right to counsel in the proceedings. Lugo has not met his burden of showing that the waivers of counsel were invalid. See Osborne, 68 F.3d at 100-01.

Lugo also challenges the sentence imposed by the district court for the revocation of his supervised release to the extent it was ordered to run consecutively to the 30-month sentence imposed for being an alien unlawfully found in the United States after deportation. This court has held that the consecutive nature of a sentence is reviewed for unreasonableness and that a consecutive sentence imposed within the parameters of the Sentencing Guidelines is presumptively reasonable. United States v. Candia, 454 F.3d 468,

472-73 (5th Cir. 2006). This court has not yet determined, however, in the wake of United States v. Booker, 543 U.S. 220 (2005), the proper standard of review to be applied to sentences imposed upon the revocation of supervised release. See United States v. McKinney, 520 F.3d 425, 428 (5th Cir. 2008). However, Lugo has not shown that his revocation sentence was imposed as a result of procedural error, is unreasonable, or is plainly unreasonable. See Gall, 128 S. Ct. at 596; McKinney, 520 F.3d at 428.

AFFIRMED.