IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-41151

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN GUERRERO-ROBLEDO,
also known as, Juan Guerrero

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, BENAVIDES, and CLEMENT, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge.

Appellant Juan Guerrero-Robledo pleaded guilty to one count of being found in the United States without the consent of the Attorney General after having been deported in violation of 8 U.S.C. § 1326. Guerrero appeals his sentence, raising a Sixth Amendment claim and a challenge to the district court's application of the Sentencing Guidelines. We AFFIRM.

At sentencing, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), the district court increased Guerrero's offense level by sixteen based on his prior South Carolina conviction for assault and battery of a high and aggravated nature ("ABHAN"). The district court sentenced Guerrero to 58 months of imprisonment, a three-

year term of supervised release, and the $100 mandatory special assessment. He now challenges the use of the prior conviction, alleging that: (1) the government had the burden to show that he had validly waived his right to counsel during the South Carolina proceedings; and (2) ABHAN does not qualify as a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii).

## I.    WAIVER OF COUNSEL

Guerrero contends that the district court erred in increasing his offense level based on his prior South Carolina conviction for ABHAN because the government failed to meet its burden of proving that he validly waived his right to counsel when pleading guilty to ABHAN. Guerrero admits that he failed to object in the district court and that this claim is thus reviewed for plain error. This Court finds "plain error only if: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Gracia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002). If Guerrero proves these three elements, we have the "discretion to correct the error only if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

The Presentence Report (PSR) contains a record of Guerrero's prior state conviction. The state record provides that Guerrero proceeded pro se but is silent with respect to his waiver of the right to counsel. The PSR noted that, under South Carolina law, all defendants are advised of their right to counsel and that indigent defendants are appointed counsel unless the defendant voluntarily and intelligently waives his right to the same. More specifically, the South Carolina Code in effect at the time of Guerrero's conviction provided that:

> Any person entitled to counsel under the Constitution of the United States shall be so advised and if it is determined that the person is financially unable to retain counsel then counsel shall be provided upon order of the appropriate judge unless such person voluntarily and intelligently waives his right thereto. The fact that the accused

may have previously engaged and partially paid private counsel at his own expense in connection with pending charges shall not preclude a finding that he is financially unable to retain counsel.

S.C. Code Ann. § 17-3-10 (1980 Cum. Supp.).

Guerrero does not contest the existence of his prior conviction for ABHAN. Guerrero also does not actually assert that there was a failure to comply with the above-quoted law in his prior case. Instead, he simply relies on his contention that it is the government's burden to prove a valid waiver of his right to counsel in the prior proceeding. Thus, this claim will be decided by determining whether it was plain error to not require the government to bear the burden of demonstrating the validity of the waiver of counsel.

Over forty-five years ago, the Supreme Court held that the Sixth Amendment right to state-appointed counsel, which had already been established in federal court proceedings, applied to state criminal prosecutions through the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335, 344–45 (1963). Subsequently, the Supreme Court held that if a conviction is obtained in violation of *Gideon,* it cannot be used "either to support guilt or enhance punishment for another offense." *Burgett v. Texas*, 389 U.S. 109, 115 (1967). In *United States v. Mitchell,* this Court opined that:

> The rule which has evolved is that when a convicted defendant who was indigent at the time of his conviction collaterally attacks the conviction on right-to-counsel grounds, and the record shows that he was not represented by counsel or is silent regarding representation of counsel, then the party which defends the conviction has the burden of proving that the defendant was represented by counsel or that he waived his right to counsel.

482 F.2d 289, 296 (5th Cir. 1973).

In the case at bar, the government contends that the prior conviction should be afforded a presumption of regularity. The government relies on the Supreme Court's opinion in *Parke v. Raley*, 506 U.S. 20 (1992). In *Raley*, the

Supreme Court addressed whether Kentucky's burden-of-proof scheme violated due process because it presumed that a prior conviction being used for sentence enhancement was validly obtained. *Id.* at 22. In state trial court, the defendant, who had been charged as a persistent felony offender, contended that two of his prior convictions were invalid under *Boykin v. Alabama*, 395 U.S. 238 (1969), because the records did not contain transcripts of the plea proceedings demonstrating that his pleas were knowing and voluntary. *Id.* at 22-23. The Supreme Court ultimately held that the burden-shifting rule "easily passes constitutional muster." *Id.* at 28. Although the Supreme Court recognized the language in *Boykin* that the "waiver of rights resulting from a guilty plea cannot be 'presume[d] . . . from a silent record,'" it explained that *Boykin* involved the direct appeal of a conviction. *Id.* at 29 (quoting *Boykin*, 395 U.S. at 243). In contrast, the petitioner in *Raley* had never appealed his two prior convictions, which had become final years ago. *Id.* The Supreme Court declined to import *Boykin's* presumption of invalidity in the context of a collateral challenge to a conviction, explaining that doing so would "improperly ignore another presumption deeply rooted in [its] jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Id.*[1]

---

[1] In further support of its contention that a presumption of regularity applies, the government points to the following language contained in the PSR —to which Guerrero did not object— with respect to the South Carolina prior conviction:

> The defendant elected to address the charges Pro Se. However, pursuant to the Defense of Indigent Act, as of June 17, 1969, all defendants appearing in the General Sessions Court are advised of their right to counsel, and if it [is] determined that the person is financially unable to retain counsel, the counsel shall be provided upon order of the appropriate judge unless such person voluntarily and intelligently waives his right to thereto.

Moreover, the Supreme Court rejected the argument that its holding in *Burgett*, 389 U.S. 109, "necessitate[d] a different result." *Id*. at 30. As set forth above, in *Burgett,* the Court held that if a conviction is obtained in violation of *Gideon,* it cannot be used "either to support guilt or enhance punishment for another offense." *Burgett*, 389 U.S. at 115. Although *Raley* did not specifically address whether a valid waiver of counsel could be presumed, it distinguished its prior opinion in *Burgett* on the basis that, in *Burgett*, the right to counsel had not yet been recognized at the time of the defendant's trial. This language suggests that where the right to counsel is well established, it may be permissible to presume from a silent record that the waiver of counsel is valid.

More to the point, relying on the Supreme Court's decision in *Iowa v. Tovar,* 541 U.S. 77 (2004), this Court has held in several unpublished opinions that a defendant who collaterally attacks a prior conviction, which is being used to enhance his federal sentence, bears the burden of proving that his waiver of counsel was constitutionally invalid.[2] In *Iowa v. Tovar*, a defendant in state court was challenging the use of a prior conviction for purposes of enhancement, alleging that his waiver of counsel in the prior conviction was not valid because the admonitions were inadequate regarding the dangers of self-representation. 541 U.S. at 85-86. On direct appeal, the Iowa Supreme Court found the prior conviction's plea colloquy constitutionally inadequate because the defendant had not been specifically warned that waiving counsel involves the risk of overlooking a viable defense and also that, by waiving counsel, the opportunity to have independent advice regarding whether to plead guilty is lost. *Id*. at 86-

---

[2] *United States v. Lugo-Rodriguez*, 285 F. App'x 148 (5th Cir. 2008); *United States v. Benavides-Hernandez*, 151 F. App'x 337 (5th Cir. 2005); *United States v. Cid-Perez*, 141 F. App'x 393 (5th Cir. 2005); *United States v. Rubio-Zarate*, 138 F. App'x 670 (5th Cir. 2005); *United States v. Barron*, 114 F. App'x 147 (5th Cir. 2004); *see also United States v. Saenz-Macias,* 233 F. App'x 374 (5th Cir. 2007) (finding no plain error because law was not clear whether presumption of regularity applied to a defendant's right to counsel in prior conviction involving suspended sentences).

87; *State v. Tovar*, 656 N.W.2d 112 (Iowa 2003). The United States Supreme Court disagreed and held that those particular warnings were not mandated by the Sixth Amendment. *Id.* at 81. Instead, the Court ruled that the Constitution requires only that the court admonish the accused of the nature of the charges, his right to be counseled with respect to his plea, and the range of punishment. *Id.* More specifically, the Supreme Court opined that "in a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of counsel." *Id.* at 92 (citing *Watts v. State,* 257 N.W.2d 70, 71 (Iowa 1977)).[3]

Interpreting the preceding language, this Court has explained that in *Tovar*, "the Supreme Court [has] made clear that state law, not federal law, allocates the appropriate burden of proof in a collateral attack on an uncounseled conviction." *Mallard v. Cain,* 515 F.3d 379, 382 (5th Cir. 2008) (citing *Tovar*, 541 U.S. at 92). In the instant case, Guerrero's prior conviction was obtained in South Carolina, and the South Carolina Supreme Court has held that a defendant bears the burden of proof when collaterally attacking a prior conviction being used to enhance a sentence. *State v. Payne*, 504 S.E.2d 335, 337–38 (S.C. 1998) (challenging uncounseled prior conviction). Applying this analysis, there was no error in presuming that Guerrero validly waived his right to counsel, much less plain error. Indeed, numerous other circuits have likewise held that the defendant bears the burden of rebutting the presumption that a defendant validly waived his right to counsel when collaterally attacking a previous conviction. *E.g., United States v. Lenihan*, 488 F.3d 1175, 1176 (9th Cir. 2007); *United States v. Hondo*, 366 F.3d 363, 365 (4th Cir. 2004); *United States v. Cruz-Alcala,* 338 F.3d 1194, 1197 (10th Cir. 2003); *United States v. Jones,* 332 F.3d 688, 697-98 (3d Cir. 2003); *United States v. Gray,* 177 F.3d 86,

---

[3] Although this is a direct appeal from Guerrero's federal sentence, he is collaterally attacking his prior state court conviction.

88-91 (1st Cir. 1999); *United States v. Hoggard*, 61 F.3d 540, 542-43 (7th Cir. 1995); *Greene v. United States*, 880 F.2d 1299, 1303 n. 6 (11th Cir. 1989). In light of this precedent, we are well satisfied that any error was not "clear or obvious." *United States v. Ellis*, --- F.3d ----, 2009 WL 783262, at \*6 (5th Cir. March 26, 2009). Thus, Guerrero has failed to show plain error.

Nonetheless, Guerrero contends that this Court is still bound by *Mitchell*, which placed the burden on the government to demonstrate that the waiver of counsel was constitutionally obtained. 482 F.2d at 296. Guerrero points to this Court's decision in *United States v. Hollis,* 506 F.3d 415, 420–21 (5th Cir. 2007), in which this Court applied *Mitchell* and held that the government had failed to establish that the defendant had either been represented or had validly waived his right to counsel with respect to one of the predicate felonies. A careful review of *Hollis* demonstrates that it is inapposite. In *Hollis,* the government did not rely on the Supreme Court's language in *Raley* to argue that *Mitchell* had been implicitly overruled. This is understandable given that Hollis's prior conviction was obtained in 1963, the same year the Supreme Court decided *Gideon*, and given that Mitchell's prior convictions were obtained in the 1950's prior to *Gideon*. Thus, the federal constitutional right to counsel had not been firmly established at the time of the prior conviction in *Hollis*, and prior convictions in *Mitchell*. *See United States v. Strandridge*, 810 F.2d 1034, 1039 n.4 (11th Cir. 1987) (explaining that *Mitchell* "involve[d] the unique problem that indigent defendants were, until the early 1960's, routinely denied their constitutional right to assistance of counsel"). We therefore conclude that *Hollis* does not control the instant case which involves a conviction obtained in the year 2000, long after the federal constitutional right to counsel was firmly established in state courts.[4] *See* S.C. Code Ann. § 17-3-10 (1980 Cum. Supp.).

---

[4] In any event, even assuming arguendo that *Mitchell* and *Hollis* control, we cannot say that any error would be plain in light of our prior opinions stating that a defendant who

## II.   CRIME OF VIOLENCE

Guerrero next contends that the South Carolina conviction for ABHAN does not qualify as a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). The parties dispute whether this objection was properly preserved in district court. During the sentencing hearing, the following exchange occurred:

> **THE COURT:** And there are no objections [to the PSR]?
>
> **[DEFENSE COUNSEL]:** Well, judge, if I can just briefly explain, the Court will indulge me. I already found a Fifth Circuit case that says that this is a crime of violence, so I would pour it out; but I notice that he has got a right to appeal. And just so that won't go up on plain error, if the Court would let me just say that our contention is that this may not be a crime of violence after further review.
>
> **THE COURT:** Which [offense] may not be a crime of violence?
>
> **[DEFENSE COUNSEL]:** The underlying offense, your Honor, which is – and, again, I understand and I'll put on the record, there's a Fifth Circuit case that already says that South Carolina assault and battery of which they call here a "high and aggravated nature" is a crime of violence and my objection, I guess, would be just so that if he does decide to appeal, it doesn't go up on plain error. It might be some other –
>
> **THE COURT:** Okay.
>
> **[DEFENSE COUNSEL]:** – review.
>
> **THE COURT:** All right. Your objection is noted and overruled.
>
> **[DEFENSE COUNSEL]:** Thank you, Judge. And that's the only legal objection we have.

---

collaterally attacks a prior conviction must prove that his waiver of counsel was constitutionally invalid. *See supra* note 2.

As the transcript makes clear, defense counsel represented that there was a Fifth Circuit case that held that the challenged prior conviction is a crime of violence. Although counsel did not cite the opinion orally or in a written objection, counsel apparently was referring to our holding in *United States v. Gomez-Pineda,* 124 F. App'x 884 (5th Cir. 2005), which held that the district court did not plainly err when it ruled that the South Carolina offense of ABHAN constituted a crime of violence under § 2L1.2(b). In the court below, defense counsel made clear that he was *only* raising it to preserve the error for review by an appellate court.

The government contends that the claim should be reviewed for plain error because Guerrero is making a different argument on appeal. We agree. In the district court, defense counsel conceded the prior conviction constituted a crime of violence under Fifth Circuit precedent, raising the objection only to preserve it for appellate review. He did not, however, argue that the case was unpublished and non-precedential or that the case was incorrectly decided as he has on appeal. We have explained that the "purpose of the plain error rule is to enforce the requirement that parties object to errors at trial in a timely manner so as to provide the trial judge an opportunity to avoid or correct any error, and thus avoid the costs of reversal." *United States v. Chaney*, 662 F.2d 1148, 1151 n.4 (5th Cir. Unit B 1981). Here, defense counsel's presentation of the issue did not truly afford the district court an opportunity to correct any error. Thus, the claim should be reviewed for plain error.

As previously set forth, this Court has determined that it is not plain error for a district court to rule that the South Carolina offense of ABHAN is a crime of violence under § 2L1.2. *Gomez-Pineda*, 124 F. App'x at 885. It certainly is not plain error for the district court to rely on an unpublished opinion that is squarely on point. Thus, the district court did not plainly err in finding the instant offense a crime of violence.

In the alternative, we conclude that even under de novo review, Guerrero has not shown that the district court erred. A prior offense qualifies as a crime of violence because it is either an enumerated offense or it has as an element the use or attempted use of force. *United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007). Here, the question is whether the South Carolina common law offense of ABHAN constitutes the enumerated offense of aggravated assault. This Court applies a "common sense approach" and "looks to sources such as the Model Penal Code." *Id.*

Section 211.1(2) of the Model Penal Code defines aggravated assault as follows:

> A person is guilty of aggravated assault if he:
>
> (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
>
> (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

Guerrero's prior conviction has three elements: (1) an unlawful act; (2) of violent injury to another; (3) accompanied by at least one of the following circumstances—use of a deadly weapon, the intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, or resistance to lawful authority. *State v. Sullivan*, 608 S.E.2d 422, 424 (S.C. 2005). "In determining whether a prior crime amounts to one of the enumerated offenses under § 2L1.2, we have held that a court 'can look to those facts contained in the charging papers and that are necessary to the verdict or the plea.'" *United States v. Gomez-Gomez*, 547 F.3d 242, 245 n.3 (5th Cir. 2008) (en banc) (quoting *United States v. Carbajal-Diaz*, 508 F.3d 804, 809 (5th Cir. 2007)).

10

In the instant case, the state record of Guerrero's prior conviction was attached to the PSR. Guerrero pleaded guilty to the indictment that charged that he committed:

> an assault and battery upon the victim . . . constituting an unlawful act of violent injury to the person of the said victim, accompanied by aggravating circumstances to wit: the defendant struck the victim with a baseball bat on his wrist, back and head and the use of this weapon inflicted serious bodily injury. . . .

Guerrero contends that although the Model Penal Code requires at least some form of mens rea with respect to the infliction of serious bodily injury, his prior conviction does not. Guerrero is mistaken. His prior conviction is a common law offense, and the South Carolina Supreme Court has held that for a common law offense to constitute a crime, "the act must be accompanied by a criminal intent, or by such negligence or indifference to duty or to consequences as is regarded by the law as equivalent to a criminal intent." *State v. Ferguson,* 395 S.E.2d 182, 183 (S.C. 1990). Thus, the first element of ABHAN—an unlawful act—must indicate criminal intent. The South Carolina Supreme Court has not expressly stated which mental state must accompany the instant offense except to hold that the State does not have to prove malice. *State v. Fennell,* 531 S.E.2d 512, 517 (S.C. 2000). In any event, South Carolina trial courts have charged a jury that the State must prove beyond a reasonable doubt "recklessness or gross recklessness." *See State v. Sussewell,* 146 S.E. 697, 698 (S.C. 1929). This Court has held that a prior conviction for reckless aggravated assault is sufficiently similar to the definition of assault in the Model Penal Code to qualify as a crime of violence. *Mungia-Portillo,* 484 F.3d at 817. Moreover, this Court explained that "[w]hat is more significant than the manner in which [the State] defines 'reckless' is that its aggravated assault statute includes the two most common aggravating factors, the causation of serious bodily injury and the use of a deadly weapon." *Id.* Likewise, the instant prior offense of conviction

11

contains those two most common factors and required sufficient criminal intent. We reject Guerrero's claim that his prior conviction has no mens rea requirement and hold that it falls within the common meaning of aggravated assault, rendering it a crime of violence. The district court therefore properly enhanced Guerrero's sentence under § 2L1.2(b).[5]

III.   CONCLUSION

The district court's judgment is AFFIRMED.

---

[5] Finally, Guerrero asserts that because the judgment in the instant case does not reflect the correct offense of conviction, this case should be remanded for correction of the judgment pursuant to Federal Rule of Criminal Procedure 36. Guerrero contends that he pleaded guilty to the charge of being found unlawfully in the United States after deportation but the judgment reflects that he was convicted of re-entry of a deported alien. This Court recently refused to remand based on this precise contention. *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (explaining that "it appears that the district court's judgment uses the term 're-entry of a deported alien' intentionally in reference to § 1326 generally, and such is not a clerical error" warranting correction under Rule 36).