# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2010

No. 09-40871

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN VELASQUEZ–RAMIREZ, also known as German Velasquez–Ramirez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:09-CR-13-1

Before KING, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The district court sentenced Juan Velasquez–Ramirez (Velasquez) to 60 months of imprisonment and three years of supervised release following his guilty plea to one count of illegal reentry following removal in violation of 8 U.S.C. § 1326. On appeal, Velasquez argues, for the first time, that the district court erred by using an uncounseled prior conviction to impose a sentence above the two-year statutory maximum set forth in § 1326(a). For the following reasons, we AFFIRM the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40871

## BACKGROUND

On December 16, 2008, Velasquez was being held in the Victoria County, Texas, jail for possessing a fictitious driver's license. Velasquez admitted that he was illegally present in the United States, having waded across the Rio Grande River from Mexico on or around March 18, 2006. Velasquez's criminal record indicated that he had pleaded guilty to a charge of possession of heroin for sale in California state court on August 17, 1993 (the "1993 Conviction"); the record does not reflect representation by counsel in connection with this conviction. Immigration records revealed that, following this conviction, Velasquez was deported on September 14, 1993.[1] The Government charged Velasquez with one count of illegal reentry following removal in violation of 8 U.S.C. § 1326(a) and (b),[2] and Velasquez was indicted on this charge on February 25, 2009.

---

[1] Velasquez's criminal records contained in the Presentence Investigation Report (PSR) also indicate that he was convicted for "sale/transportation of a controlled substance" in California state court on March 23, 1994, and "being a deported alien found in the United States" in federal district court on December 15, 1994. Velasquez's immigration records contained in the PSR also show that he was deported on October 5, 1993, and December 15, 1997.

[2] Section 1326 provides, in relevant part:
(a) [In General]

[A]ny alien who. . . has been denied admission, excluded, deported, or removed . . . and thereafter . . . enters, attempts to enter, or is at any time found in the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Criminal penalties for reentry of certain removed aliens

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . . whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be . . . imprisoned not more than 10 years . . . [or] whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both[.]

8 U.S.C. § 1326(a), (b) (internal numbering omitted).

No. 09-40871

In April 2009, Velasquez pleaded guilty, pursuant to a plea agreement, to the charge in the indictment. Following this plea, the probation department calculated a punishment range of 70 to 87 months pursuant to the United States Sentencing Guidelines (the "Guidelines"). Because Velasquez had been deported following the 1993 Conviction, the probation office determined that the statutory maximum sentence under 8 U.S.C. § 1326(b)(2) was 20 years and recommended an 80 month sentence.

At the sentencing hearing held on August 17, 2009, Velasquez did not dispute the calculation of the Guidelines punishment range and did not argue that the statutory maximum sentence was improperly determined. Instead, Velasquez argued for a downward departure or a non-Guidelines sentence. The district court adopted the findings of the PSR but departed from the Guidelines sentence and imposed a 60 month term of imprisonment; three years of supervised release; and a $100 special assessment. Velasquez timely appealed.

## DISCUSSION

On appeal, Velasquez argues that the district court reversibly erred by sentencing him to a term of imprisonment beyond the two year statutory maximum under § 1326(a). Velasquez did not raise an objection on this basis in the district court; therefore, we review his claim for plain error. *See United States v. Guerrero–Robledo*, 565 F.3d 940, 942 (5th Cir. 2009). To show plain error, Velasquez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. —, 129 S. Ct. 1423, 1429 (2009). If such a showing is made, we have the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

Under § 1326(a), the statutory maximum term of imprisonment for illegal reentry following removal is two years. 8 U.S.C. § 1326(a). However, if a defendant was removed "subsequent to a conviction for commission of an

No. 09-40871

aggravated felony," the maximum term of imprisonment increases to 20 years. *Id.* § 1326(b)(2); *accord United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).[3] "[A] defendant's prior conviction under § 1326(b)(2) [i]s only a sentencing factor that d[oes] not need to be described in an indictment." *United States v. Rojas–Lunas*, 522 F.3d 502, 504 (5th Cir. 2009) (citing *Almendarez–Torres v. United States*, 523 U.S. 224 (1998)); *Almendarez–Torres*, 523 U.S. at 235 ("Congress intended to set forth a sentencing factor in [§ 1326](b)(2) and not a separate criminal offense."). Here, Velasquez pleaded guilty to violating 8 U.S.C. § 1326(a) and (b), and he admitted, in his plea colloquy, that he had been deported in September 1993. Further, at sentencing, Velasquez admitted that he reviewed the PSR and, though he objected to the recommended sentence on "policy grounds," he did not object to the PSR's findings, which included the 1993 Conviction record and the record of his subsequent deportation in September 1993.

Velasquez now argues that the Government failed to prove either that he was afforded counsel or that he properly waived his right to counsel for the 1993 Conviction and that, therefore, the 1993 Conviction is constitutionally invalid and cannot serve as a basis for enhancing the statutory maximum term of imprisonment under § 1326(b)(2). We disagree.

A defendant may collaterally attack a prior conviction used for sentencing purposes if the prior conviction was obtained in violation of his constitutional right to counsel. *Custis v. United States*, 511 U.S. 485, 487, 496 (1994). Here, Velasquez argues that the "record in this case indicates that the [1993 C]onviction is presumptively invalid" because "the record . . . reveals not a waiver of counsel but an unexplained absence of counsel." Thus, Velasquez argues that absent some showing by the Government that the 1993 Conviction

---

[3] "The term 'aggravated felony' [includes] . . . illicit trafficking in a controlled substance . . . including a drug trafficking crime." 8 U.S.C. § 1101(43)(c).

was constitutionally valid, we must presume that it was not. For support, Velasquez cites *Burgett v. Texas*, 389 U.S. 109, 114–15 (1967), where the Supreme Court held that the records of a prior conviction "on their face raise[d] a presumption that petitioner was denied his right to counsel in the [prior] proceeding, and therefore . . . his conviction was void."

We recently confronted a comparable argument in *Guerrero–Robledo*, 565 F.3d at 942. In that case, Guerrero–Robledo's sentence under § 1326 had been enhanced by a previous state court conviction. *Id.* The state conviction record indicated, however, that Guerrero–Robledo had "proceeded pro se but [wa]s silent with respect to his waiver of the right to counsel." *Id.* Based on this record, Guerrero–Robledo argued "that it [wa]s the government's burden to prove a valid waiver of his right to counsel in the prior proceeding." *Id.* The question before us was whether "it was plain error to not require the [G]overnment to bear the burden of demonstrating the validity of waiver of counsel." *Id.*

In answering this question, we reviewed the Court's precedent and recognized that *Burgett* is limited to those cases in which the prior conviction was obtained before the constitutional right to counsel was firmly established. 565 F.3d at 943–44. And we noted that "where the right to counsel is well established, it may be permissible to presume from a silent record that the waiver of counsel is valid." *Id.* (citing *Parke v. Raley*, 506 U.S. 20 (1992)); *Parke*, 506 U.S. at 31 ("*Burgett* [does not] stand[ ] for the proposition that every previous conviction used to enhance punishment is 'presumptively void' if waiver of a claimed constitutional right does not appear from the face of the record. . . . At the time the prior conviction at issue in *Burgett* was entered, state criminal defendants' federal constitutional right to counsel had not yet been recognized, and so it was reasonable to presume that the defendant had not waived a right he did not possess.").

No. 09-40871

Applying this precedent, we ultimately determined that, because the right to counsel had been established for the predicate offense, the "defendant b[ore] the burden of proof [in] collaterally attacking a prior conviction being used to enhance a sentence." *Id.* Because the right to counsel for the predicate offense had been established, we held that "there was no error in presuming that Guerrero[–Robledo] validly waived his right to counsel, much less plain error." *Id.* at 945.

Here, as in *Guerrero–Robledo*, Velasquez has collaterally attacked the 1993 Conviction, claiming that the record reveals "an unexplained absence of counsel." We assume, *arguendo*, that federal law allocates the burden of proof in a collateral attack on a prior conviction, and we note that the 1993 Conviction was rendered long after the Court established the constitutional right to counsel for this offense such that a "presumption of regularity" attaches to this conviction. *See Guerrero–Robledo*, 565 F.3d at 943–44 (discussing *Parke*, 506 U.S. at 31). Further, at the time of the 1993 Conviction, California law required that a criminal defendant be informed about his right to counsel and provided counsel in relevant cases. *See* CAL. PENAL CODE § 859 (West 1993) ("When the defendant is charged with the commission of a public offense . . . the magistrate shall . . . ask the defendant if he or she desires the assistance of counsel, and allow the defendant a reasonable time to send for counsel. . . . If the defendant desires and is unable to employ counsel, the court shall assign counsel to defend him.").

Thus, though the record is not clear regarding whether the 1993 Conviction was counseled, because a presumption of regularity applies to the 1993 Conviction, Velasquez bears the burden of showing either that he was improperly denied, or that he improperly waived, counsel. *Guerrero–Robledo*,

6

No. 09-40871

565 F.3d at 944–45.[4]  Given that the right to counsel was well-established and that California law required admonishment about the right to counsel at the time of the 1993 Conviction, we cannot say that Velasquez met that burden, and accordingly, the district court did not plainly err by sentencing Velasquez to a term of imprisonment that was within the statutory maximum under § 1326(b)(2).  *Guerrero–Robledo*, 565 F.3d at 945.

## CONCLUSION

For the foregoing reasons, we AFFIRM Velasquez's sentence.

AFFIRMED.

---

[4] We also note that, under California law, there is a "strong presumption of constitutional regularity" applied to prior convictions, and the defendant bears the burden of proving the invalidity of a prior conviction.  *People v. Horton*, 906 P.2d 478, 521 (Cal. 1995) ("[W]hen a defendant challenges the validity of a prior conviction, he or she bears the burden of establishing its constitutional invalidity.").  As such, the same result would obtain here, if we were to look to state law to allocate the burden of proof.