# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2010

No. 09-41176
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE MCNABB,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-543-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joe McNabb appeals the 293-month sentence imposed following his guilty plea convictions to aiding and abetting in the possession of eight stolen firearms, stealing 20 firearms from a licensed firearms dealer, and being a felon in possession of 20 firearms. McNabb argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 2K2.1(b)(6) based on the use of a firearm in connection with another felony offense, burglary of a building.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government contends that McNabb waived this argument in the district court. However, the record does not reflect that McNabb affirmatively relinquished his right to assert an objection to the enhancement. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

McNabb makes specific arguments on appeal that he did not make in the district court. Therefore, review of those arguments is for plain error. *See United States v Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir.), *cert. denied*, 130 S. Ct. 227 (2009).

McNabb argues for the first time on appeal that under Texas law his offense of burglary was complete when he entered the gun shop with the intent to steal and, thus, the subsequently stolen firearms could not be used to facilitate a crime already committed. He argues that a plain reading of the Guidelines implies that there must be a second crime committed before imposing the enhancement.

Section 2K2.1(b)(6) authorizes a four-level increase of a defendant's offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." Both the commentary following this Guideline and this court's interpretation of the Guideline support this enhancement if a firearm is obtained contemporaneously with the commission of a burglary offense. *See United States v. Armstead*, 114 F.3d 504, 512-13 (5th Cir. 1997); U.S.S.G. § 2K2.1, comment. (n. 14(B)).

Insofar as McNabb argues that the possession of the firearm was not separate in time and conduct from the burglary, this court has rejected the argument that the other felony offense must be distinct from the possession of the weapon. *See United States v. Perez*, 585 F.3d 880, 886-87 (5th Cir. 2009); *Armstead,* 114 F.3d at 512.

The district court did not plainly err in enhancing McNabb's offense level pursuant to § 2K2.1(b)(6). *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). The sentence imposed is AFFIRMED.