# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51296
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARRICK MANGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-73-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carrick Mango was convicted of one count of tampering with a witness, victim, or informant and one count of obstruction of justice. Mango appeals his sentence, arguing that the district court erred in assessing his offense level under U.S.S.G. § 2X3.1 pursuant to the cross-reference in § 2J1.2(c)(1).

Specifically, Mango contends that this court's interpretation of § 2X3.1, comment. (n.1) in *United States v. Kimbrough*, 536 F.3d 463, 467 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2008), and *United States v. Cihak*, 137 F.3d 252, 264 (5th Cir. 1998), relied on an interpretative rule known as the last antecedent rule and that *Kimbrough* and *Cihak* should be reconsidered in light of the Supreme Court's comments about the last antecedent rule in *Paroline v. United States*, 134 S. Ct. 1710, 1721 (2014). According to Mango, interpreting § 2X3.1, comment. (n.1) based on the last antecedent rule also conflicts with the rules and policies governing relevant conduct under § 1B1.3.

The district court's interpretation and application of the Guidelines is ordinarily reviewed de novo. *Kimbrough*, 536 F.3d at 465. However, plain error review applies here because Mango's objections in the district court were insufficient to alert the district court of his instant argument regarding *Paroline* and the last antecedent rule. *See United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009). In any event, his argument fails even under de novo review because *Paroline*'s comments about the last antecedent rule do not undermine this court's decisions in *Kimbrough* and *Cihak*.

This court explained its interpretation of § 2X3.1, comment. (n.1) in *Kimbrough*, 536 F.3d at 466-68, and *Paroline* does not call that interpretation into doubt. Under the rule of orderliness, we follow a prior decision unless there is an intervening change in law; that intervening change must be "unequivocal, not a mere hint" of a likely Supreme Court ruling. *United States v. Fields*, 777 F.3d 799, 807 (5th Cir. 2015)(rejecting argument that Supreme Court's interpretation of one statute would overrule Fifth Circuit precedent construing a different statute)(internal citations and quotation marks omitted). *Kimbrough* and *Cihak* control in this case. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002)("mere ruminations" in Court opinions do not permit overruling of prior precedent by a panel).

AFFIRMED.