# United States Court of Appeals for the Fifth Circuit

---

No. 22-10570
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Samuel Lee Morrison,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-289-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Samuel Morrison appeals his conviction of illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). He avers that § 922(n) does not pass the historical test announced in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), and is therefore unconstitutional.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10570

We review Morrison's challenge for plain error because he did not present it to the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Toure*, 965 F.3d 393, 399 (5th Cir. 2020). This court has rejected the notion that § 922(n) is clearly or obviously unconstitutional under *Bruen*. *See United States v. Avila*, No. 22-50088, 2022 WL 17832287, at *2 (5th Cir. Dec. 21, 2022) (unpublished). The issue is therefore subject to reasonable dispute, so Morrison cannot demonstrate clear or obvious error. *See Puckett*, 556 U.S. at 135; *United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009); *see also United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) ("In considering whether an error is clear or obvious we look to the state of the law at the time of appeal." (internal quotation marks and citation omitted)).

AFFIRMED.