# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-10896
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Rene Rigoberto Rodriguez,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-354-1

_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges.*

Per Curiam:[*]

Rene Rigoberto Rodriguez pleaded guilty to illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). He maintains § 922(n) does not pass the historical test provided in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), and is therefore in violation of the Second Amendment. Because

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10896

Rodriguez (as he concedes) did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Rodriguez must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

An error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *E.g.*, *United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009); *see also United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) ("In considering whether an error is clear or obvious we look to the state of the law at the time of appeal". (citation omitted)). In an unpublished opinion, our court rejected the argument that § 922(n) is clearly-or-obviously unconstitutional under *Bruen*. *See United States v. Avila*, No. 22-50088, 2022 WL 17832287, at *2 (5th Cir. 21 Dec. 2022), *petition for cert. filed* (20 Apr. 2023) (No. 22-7352).

There is no binding precedent holding § 922(n) unconstitutional, and it is not clear *Bruen* dictates such a result. *Id.* Accordingly, Rodriguez is unable to demonstrate the requisite clear-or-obvious error. *E.g.*, *Rodriguez-Parra*, 581 F.3d at 230–31; *United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009) ("It certainly is not plain error for the district court to rely on an unpublished opinion that is squarely on point.").

AFFIRMED.