# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2025

Lyle W. Cayce
Clerk

No. 24-40131
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jiuver Alexander Esquivel-Florian,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-919-1

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jiuver Alexander Esquivel-Florian appeals the supervised release terms imposed for his convictions for conspiracy to harbor aliens and harboring aliens. He contends that the discretionary report-upon-return condition in the written judgment does not conform to the district court's oral pronouncement of his sentences and should be stricken in accordance

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

with his due process right to present at sentencing. The condition appeared in an appendix contained within the 19 numbered pages of the presentence report (PSR) that was disclosed to the defense several months before the sentencing hearing. Esquivel-Florian asserts that, while the district court orally adopted the condition by referencing the PSR's appendix and confirmed that Esquivel-Florian reviewed the PSR with counsel in Spanish prior to the sentencing hearing, the court did not separately confirm that he reviewed the appendix. *See United States v. Diggles*, 957 F.3d 551, 560-63 & n.5 (5th Cir. 2020) (en banc).

Plain error review applies to the forfeited objection because Esquivel-Florian had an opportunity to object to any deficiency in the pronouncement when the district court orally adopted the condition. *See United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (en banc); *United States v. Baez-Adriano*, 74 F.4th 292, 297-98 (5th Cir. 2023). This court has not determined in a published decision whether a district court satisfies the pronouncement requirement in these circumstances. However, we concluded in an unpublished decision that the district court's oral adoption of conditions in PSR's appendix satisfied the pronouncement requirement where "[t]he PSR, including its appendix, was made available to [the defendant] and his counsel . . . nearly six weeks before his sentencing hearing" and the defendant confirmed "that he reviewed the PSR with his attorney." *United States v. Nash*, 841 F. App'x 695, 699 (5th Cir. 2021). Because *Nash* is "squarely on point," any pronouncement error by the district court in this case is subject to reasonable dispute and thus is not clear or obvious. *United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009); *see United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015). Accordingly, Esquivel-Florian fails to show plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.