# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2026

Lyle W. Cayce
Clerk

No. 25-30162
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Quintell Dewayne Gladney,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-214-1

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Quintell Dewayne Gladney pled guilty to possession of a firearm in furtherance of a drug trafficking crime, and he was sentenced as a career offender under U.S.S.G. § 4B1.1 to 262 months of imprisonment. On appeal, he argues the district court erroneously relied solely on the presentence report (PSR) to characterize his prior drug convictions under Louisiana

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Statutes Annotated § 40:967(A) for purposes of the career offender guideline. He also maintains that those prior convictions, which involved cocaine distribution, cannot serve as predicate controlled-substance offenses because the Louisiana definition of cocaine and related substances previously encompassed Ioflupane while its federal counterpart currently does not.

Although Gladney raised a policy-based objection to the career offender designation in the district court, that objection did not afford the district court an opportunity to correct the errors he now raises on appeal. *See United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009). Accordingly, we review his claims for plain error. *See id.* To prevail under that standard, Gladney must show an error that is clear or obvious. *See United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014).

First, it is not clear or obvious that the district court erred by solely relying on the characterization of the prior offenses in the PSR, given that the district court apparently had the underlying conviction documents in its possession, the revised PSR's description was expressly based on those same documents, and in any event, the district court had the benefit of Gladney's own characterization of his convictions as controlled substance offenses. *See United States v. Jenkins*, 487 F.3d 279, 281 (5th Cir. 2007). As for Gladney's argument that those prior Louisiana convictions do not constitute predicate offenses for purposes of the career offender guideline because the Louisiana definition of cocaine and related substances encompassed Ioflupane, any error is not clear or obvious because he has not shown a realistic probability that Louisiana would prosecute someone for distributing Ioflupane or established that he is not required to make that showing. *See United States v. Castillo-Rivera*, 853 F.3d 218, 222-23 (5th Cir. 2017) (en banc).

Accordingly, the district court's judgment is AFFIRMED.