# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10215
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

January 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONOVAN SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-13-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Donovan Smith appeals the district court's decision to revoke his term of supervised release. He argues that the district court erred by failing to consider substance abuse treatment, in lieu of incarceration, pursuant to 18 U.S.C. § 3583(d) and U.S.S.G. § 7B1.4 (n.6) (p.s.). He also argues that the district court erred by imposing a 24-month term of imprisonment, which was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10215

the statutory maximum and above the guidelines range of 5 to 11 months of imprisonment.

As Smith did not raise these arguments in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). In addition to failing drug testing, which would implicate the § 3583(d) exception, Smith violated the conditions of his supervised release by using and possessing heroin, cocaine, and morphine, and by refusing to participate in substance abuse treatment. Smith has failed to show any plain error. *See, e.g., United States v. Harper*, No. 01-10623, 2002 WL 494731, at *1-2 (5th Cir. March 15, 2002) (unpublished) (affirming revocation on similar grounds); *see also United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009) ("It certainly is not plain error for the district court to rely on an unpublished opinion that is squarely on point.").

Additionally, the record reflects that the district court considered the relevant statutory factors in its determination that a guidelines range sentence would be inadequate. *See* § 3583(e) (setting forth appropriate § 3553(a) factors that the district court may consider in the revocation context). Moreover, Smith's disagreement with the decision does not demonstrate an abuse of the district court's wide sentencing discretion. *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

AFFIRMED.