# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARQUIST THEOBLES WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-250-1

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:*

Marquist Theobles Williams appeals the district court's decision to revoke his term of supervised release. He argues that the district court erred by failing to consider substance abuse treatment, in lieu of incarceration, pursuant to 18 U.S.C. § 3583(d) and U.S.S.G. § 7B1.4, p.s., comment. (n.6). He also argues that his 24-month term of imprisonment, which was above the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11066

guidelines range of 6 to 12 months of imprisonment, was substantively unreasonable.

As Williams did not raise his argument under § 3583(d) and § 7B1.4, p.s., comment. (n.6) in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). In addition to failing drug testing, which would implicate the § 3583(d) exception, Williams violated the conditions of his supervised release by using and possessing cocaine, marijuana, synthetic marijuana, phencyclidine (PCP), and alcohol, failing to appear for drug testing, and failing to attend counseling services. Williams has failed to show any plain error. *See, e.g., United States v. Smith*, 672 F. App'x 461, 462 (5th Cir. 2017) (affirming revocation on similar grounds); *United States v. Harper*, No. 01-10623, 2002 WL 494731, at *1-2 (5th Cir. Mar. 15, 2002) (unpublished) (same); *see also United States v. Guerrero-Robledo*, 565 F.3d 940, 946 (5th Cir. 2009) ("It certainly is not plain error for the district court to rely on an unpublished opinion that is squarely on point.").

We review the substantive reasonableness of a challenged sentence for abuse of discretion. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). A revocation sentence is substantively unreasonable if the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Williams's argument that his sentence is substantively unreasonable for the sole reason that the district court failed to take into account § 3583(d) fails to demonstrate an abuse of the district court's wide sentencing discretion. *See Miller*, 634 F.3d at 843.

AFFIRMED.

2